IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DONALD S[1], § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:22-CV-00076- BU |
| § | |
| KILOLO KIJAKAZI § | |
| Acting Commissioner of Social Security § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Donald S. seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Wesley Hendrix referred this case to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. Dkt. No. 5. The parties have consented to proceed before a magistrate judge. Dkt. No. 13.

For the reasons explained below, the Court affirms the Commissioner's decision.

### I.  BACKGROUND

A. Facts

Plaintiff alleges a disability that began on August 24, 2020. *See* Administrative Record, Dkt. No. 12-1 (Tr.) at 31. After his application for disability insurance benefits under Title II of the Social Security Act was denied initially and on reconsideration,

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge (ALJ). Tr. at 30. The ALJ held an initial hearing on November 12, 2021, where Plaintiff appeared with representation. Tr. at 30.

Plaintiff was 50 years old at the time of his hearing. Tr. at 44. He obtained a GED and attended 2 years of college. Tr. at 59. Prior to the onset of his alleged disability, Plaintiff worked as a field manager, tractor-trailer driver, asbestos abatement removal worker, van/shuttle driver, nurse aide, anesthesiologist assistant, project manager assistant, and telephone sales representative. Tr. at 44.

The ALJ determined that Plaintiff was not disabled and therefore not entitled to disability benefits. Tr. at 45. At step one of the ALJ's analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his onset date of August 24, 2020. Tr. at 33. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative disc disease, chronic pain syndrome, post-laminectomy syndrome, and obesity." Tr. at 33. The ALJ determined that Plaintiff also suffers from non-severe "complications from tonsillectomy, COVID-19 infection, neuropathy, and carpal tunnel syndrome." Tr. at 28. Additionally, the ALJ found that Plaintiff suffers from non-severe conditions such as "major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder" and "has a mild limitation in concentrating, persisting, or maintaining pace." Tr. at 29–30. These conditions were deemed non-severe "because they do not cause more than minimal limitations in the claimant's ability to perform basic work activities." Tr. at 28–30. At step three, the ALJ found that none of Plaintiff's impairments or combination of impairments meet the severity requirements listed in the Social Security

regulations. Tr. at 36. Additionally, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to:

> to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for four hours in an eight-hour workday. He can sit for up to six hours in an eight-hour workday. He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can frequently balance. He can occasionally stoop, kneel, crouch, and crawl. He can understand, remember, and carry out simple and detailed instructions. He can maintain adequate pace with ordinary breaks. He can occasionally interact with coworkers, supervisors, and the public.

Tr. at 38.

At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. Tr. at 44. At step five, the ALJ reviewed the testimony of the vocational expert (VE) and gave consideration to Plaintiff's age, work experience, education level, and RFC in concluding that other work exists in the national economy that Plaintiff could perform. Tr. at 44. As a result, the ALJ ultimately determined that, per the definition in the Social Security Act, Plaintiff was not disabled.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. Plaintiff then timely filed this action in federal district court.

B. Medical Testimony

The ALJ's RFC determination required consideration of six medical experts. Tr. at 38–44. The opinions of three of the six experts are relevant to the arguments in this case.[2]

---

[2] The testimony of Dr. Phillips, Dr. Moore, and Dr. Flanagan relate to the Plaintiff's potential mental impairments and are not challenged by Plaintiff. Tr. at 38–44.

3

Dr. Leah Holly conducted the initial level review of Plaintiff on December 2, 2020. Tr. at 41. She found that Plaintiff could:

> (1) occasionally lift 20 pounds; (2) frequently lift 10 pounds; (3) stand/walk for three hours in an eight-hour workday; (4) sit for four hours in an eight hour workday; (5) occasionally climb ramps and stairs; (6) never climb ladders, ropes, or scaffolds; (7) frequently balance; and (8) occasionally stoop, kneel, crouch, and crawl.

Tr. at 41. The ALJ found her opinion unpersuasive. Tr. at 41. The ALJ also considered the opinion of medical consultant Kavitha Reddy who conducted her review of Plaintiff on May 26, 2021. Tr. at 41. She found that Plaintiff could:

> (1) occasionally lift 20 pounds; (2) frequently lift 10 pounds; (3) stand/walk for four hours in an eight-hour workday; (4) sit for six hours in an eight-hour workday; (5) occasionally climb ramps and stairs; (6) never climb ladders, ropes, or scaffolds; (7) frequently balance; and (8) occasionally stoop, kneel, crouch, and crawl.

Tr. at 41. The ALJ found Dr. Reddy's opinion persuasive. Tr. at 42.

The last opinion discussed in the parties' briefing is the testimony of Dr. Robert Totoe who physically examined Plaintiff on February 10, 2021. Tr. at 42–43. Dr. Totoe found Plaintiff "capable of work activities such as moving about, lifting, handling, carrying, hearing and speaking." Tr. at 42. Dr. Totoe also concluded that Plaintiff's ability to sit and stand "for long periods may be limited due to chronic back pain." Tr. at 42. The ALJ found Dr. Totoe's "opinions sufficiently persuasive to limit the . . . [Plaintiff's] standing and walking to 4 hours in an eight-hour workday . . . ." Tr. at 43.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the

proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *see also Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III.   DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: (1) Plaintiff's sitting restriction of six hours in an eight-hour workday is not supported by substantial evidence and (2) the ALJ committed legal error by failing to properly evaluate Dr. Holly's testimony.

A. <u>Plaintiff's sitting restriction was supported by substantial evidence.</u>

Plaintiff argues that "[t]he crux of this case turns on Dr. Holly's restriction" that Plaintiff cannot sit for more "than a total of . . . [four] hours.[3]" Dkt. No. 16 at 8. A restriction that the ALJ deemed unpersuasive, finding instead that Plaintiff "can sit for up to six hours in an eight-hour workday." Tr. at 38. Plaintiff argues that the ALJ's conclusion that Plaintiff can sit for six hours in an eight-hour workday is not supported by substantial evidence because of the failure to properly consider Dr. Holly's testimony. Dkt. No. 16 at 7. This, according to Plaintiff, resulted in harmful error because "the total time that an individual can stand and/or walk, in combination with the total time they are able to sit, must yield eight hours in order qualify as full-time work." *Id.* at 8 n.1.

In support of his argument, Plaintiff claims the ALJ "cherry-picked evidence pieces" to find Dr. Holly's opinion unpersuasive and discusses the opinion of other doctors who assessed Plaintiff and their agreement or disagreement with Dr. Holly. *Id.* at 8–9. Plaintiff claims that the ALJ found Dr. Totoe's restrictions persuasive but "Dr. Holly's sitting restriction unsupported despite Dr. Totoe's agreement with Dr. Holly as to sitting restrictions." *Id.* at 8. Plaintiff also complains about the ALJ's acceptance of Dr. Reddy's findings because Plaintiff claims that Dr. Holly's assessment "is considerably more comprehensive and informative" than Dr. Reddy's. *Id.* at 9. Additionally, Plaintiff claims that Dr. Reddy's opinion "offers no explanation for the sitting restriction . . . and she fails

---

[3] Throughout Plaintiff's briefing, he states that Dr. Holly limited Plaintiff to sitting for no more than three hours in an eight hour workday. However, Dr. Holly's report and the ALJ's discussion of it shows that Dr. Holly's actual restriction limited Plaintiff to sitting "for four hours in an eight-hour workday." Tr. at 41, 105.

7

to reconcile the revised RFC with the opinion of Dr. Totoe, that Plaintiff would be unable to tolerate either prolonged standing or prolonged sitting." *Id.*

In response, the Commissioner rejects the argument that Plaintiff's RFC is unsupported and says that the ALJ "found that Plaintiff retained the capacity to stand and/or walk for four hours in an eight-hour day and sit for up to six hour in an eight-hour day" because of "the evidence and testimony before her." Dkt. No. 17 at 6. Plaintiff's reply reiterates arguments made in his initial briefing. Plaintiff claims that the ALJ "never addressed the fact that Dr. Holly and Dr. Totoe both assessed greater sitting restrictions than the full six hours assessed by Dr. Reddy . . . ." Dkt. No. 18 at 2.

The ALJ's sitting restriction was supported by the evidence Dr. Reddy provided. Plaintiff confuses a conflict in the evidence regarding Plaintiff's sitting restriction as the equivalent to there being no evidence to support the restriction. "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris*, 209 F.3d at 417. "A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the ALJ's decision." *Burkhardt v. Comm'r of Soc. Sec. Admin.*, No. CIV.A.308CV02032BBH, 2009 WL 3849617, at *8 (N.D. Tex. Nov. 16, 2009) (citing *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)). In other words, an RFC is unsupported when the ALJ draws "medical conclusions on their own without reliance on appropriate medical evidence." *Mundt v. Berryhill*, No. 4:15-CV-00926-BL, 2017 WL 1737645, at *3 (N.D. Tex. May 2, 2017). Conflicting medical evidence about potential limitations does not render an RFC unsupported. *See id.* It is the ALJ's responsibility to

8

assess the medical evidence provided in a case and "to 'choose whichever physician's diagnosis is most supported by the record.'" *Britton v. Saul*, 827 F. App'x 426, 430 (5th Cir. 2020) (quoting *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)).

The ALJ stated that she "considered all symptoms" and "considered the medical opinion(s) and prior administrative medical finding(s) . . ." in deciding Plaintiff's RFC. Tr. at 38. Despite Plaintiff's complaints about his ability to sit and stand, the ALJ found Plaintiff's statements "concerning the intensity, persistence and limiting effects" of his symptoms as not "entirely consistent with the medical evidence." Tr. at 39. As a result, the ALJ properly evaluated each of the doctors' findings against the objective medical evidence in the case.

The ALJ found that Dr. Reddy's standing and sitting restrictions were consistent "with the claimant's medical imaging, physical status[,] examination results, consultative examination results, treatment history, and activities of daily living." Tr. at 41. The ALJ went on to explain how the medical evidence supported Dr. Reddy's findings in the case,[4] how "conservative treatments like over-the-counter medication, steroid injects, and physical therapy" improved Plaintiff's symptoms, and how the Plaintiff "can perform a wide variety of activities of daily living." Tr. at 42. Alternatively, the ALJ explained that Dr. Holly's findings were unpersuasive because:

---

[4] The ALJ stated that:
> [m]edical imaging of the . . . [Plaintiff's] spine showed minimal to severe degenerative changes, foraminal narrowing, central canal compromise, disc osteophyte complex, and uncinate spurring. The claimant also exhibited a steady gait, full or near full range of motion, 5/5 strength, intact sensation, and/or normal reflexes during numerous examinations.

Tr. at 41–42.

> she failed to support her findings with detailed explanations indicating which specific piece of objective evidence supported each limitation. Dr. Holly was also not able to consider additional evidence that became available after she offered her findings.

Tr. at 41.

Although Plaintiff argues that Dr. Holly's opinion was more "comprehensive and informative" than Dr. Reddy's and that Dr. Reddy failed to explain her sitting restriction, the Court cannot reweigh the evidence "or substitute . . . [its] judgment for the ALJ's." *Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016). The plaintiff carries the burden of showing "there is no more than a scintilla of evidence supporting the ALJ's" restriction, "not that there may be some evidence that could lead another to assess that limitation." *Mundt*, 2017 WL 1737645 at *4.

Plaintiff's argument that Dr. Holly and Dr. Totoe had conflicting testimony with Dr. Reddy regarding Plaintiff's sitting restriction that the ALJ failed to reconcile is inaccurate and inconsequential. The only conflicting testimony about Plaintiff's sitting restriction is between Dr. Reddy and Dr. Holly. Dr. Totoe could not have assessed a greater sitting restriction than Dr. Reddy because he provided no time limit on how long Plaintiff can sit. *See* Tr. at 42. Instead, Dr. Totoe found that "[s]itting and [s]tanding for long periods may be limited due to chronic back pain." Tr. at 42. He further stated that Plaintiff's "pain level does not correlate with . . . [his] physical findings." *Id.* Even if there was a conflict between Dr. Holly and Dr. Totoe's sitting restriction and Dr. Reddy's, this would not render the seating restriction unsupported—it would still be supported by Dr. Reddy's testimony.

For the foregoing reasons, the ALJ's sitting restriction was supported by substantial evidence.

B. <u>The ALJ properly evaluated Dr. Holly's testimony</u>

Plaintiff argues that "even if substantial evidence supports the decision, remand is required when" the ALJ commits legal error. Dkt. No. 18 at 5. Plaintiff claims that the ALJ's "analysis of the evidence . . . runs afoul of the agency's regulatory scheme for weighing evidence" and that the ALJ's "manner of dealing with the evidence has yielded a decision that defies meaningful review." Dkt. No. 16 at 9. Plaintiff complains about the ALJ's use of a "template" to explain the various doctors' findings, stating that "the ALJ superficially addressed . . . [the] regulatory factors," and that the "supportability and the consistency of Dr. Holly's opinion was swept under the rug . . . ." *Id.* While Plaintiff admits that the "2017 regulator changes eliminated the perceived hierarchy of medical sources and deference to specific medical opinions," Plaintiff argues that the ALJ must still discuss how persuasive she found each opinion and how she considered the opinion. *Id.* at 10. And in this case, "Plaintiff argues that [the] spirit and clear intent of the articulation regulations was unmet." *Id.*

The Commissioner argues that the ALJ sufficiently explained her reasons for finding Dr. Holly, Dr. Reddy, and Dr. Totoe's findings either unpersuasive, persuasive, or partially persuasive. The Commissioner claims that "[t]he ALJ explained that she found . . . findings of Dr. Holly unpersuasive," and that "Dr. Holly failed to support her filings with detailed explanations." Dkt. No. 17 at 7. Additionally, the Commissioner argues that because Plaintiff had an alleged onset date of August 24, 2020, and Dr. Holly made her

11

findings in December 2, 2020, even if the ALJ had found Dr. Holly's findings persuasive this "would not [have] establish[ed] limitations that lasted a duration of twelve months." *Id.* at 8.

Plaintiff replies by saying "that the ALJ only offered conclusory, vague, and inaccurate reasons, for finding Dr. Holly's opinion unpersuasive." Dkt. No. 18 at 2. Plaintiff says that Dr. Holly "*did* support her findings with detailed explanations" and goes on to provide purported examples from Dr. Holly's report. *Id.* at 2–4. Plaintiff states that "[t]he improper rejection of the opinion of Dr. Holly without an adequate, accurate rationale warrants relief." *Id.* at 4.

An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Garcia v. Berryhill*, 880 F.3d 700, 705 n.7 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). However, when resolving conflict between medical opinions and rejecting a medical expert's testimony, the ALJ must provide an explanation. *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017). An ALJ must consider a number of factors when rejecting a medical opinion. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("For claims filed after March 27, 2017, an ALJ . . . considers a list of factors in determining what weight, if any, to give a medical opinion."). The most important factors for the ALJ to consider are whether an opinion "is based on 'objective medical evidence and supporting explanations,'" and is consistent with "other medical and nonmedical sources" in the record. *Id.* These factors are commonly referred to as supportability and consistency. *See id.* When rejecting a medical source's opinion, an ALJ's explanation should show consideration of these two factors. *Id.*

"There is little authority discussing what an ALJ must do to adequately 'explain' supportability and consistency" nor have courts found that "magic words or [a] specific amount of explanation [is] required." *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297 at * 3 (N.D. Tex. Jan. 21, 2022) (quoting *Moore v. Saul*, No. 3:20-cv-48-DPJ-MTP, 2021 WL 754833, at 3* n.1 (S.D. Miss. Feb. 26, 2021). However, the ALJ's discussion on supportability and consistency must be ample enough "to permit meaningful judicial review." *Lara v. Kijakazi*, No. 3:21-cv-1032-L-BH, 2022 WL 4486085, at *13 (N.D. Tex. Aug. 29, 2022) (quoting Dominick v. Kijakazi, No. 3:20-CV-03473-E-BT, 2022WL 2874705, at *4 (N.D. Tex. May 12, 2022)), *report and recommendation adopted*, No. 3:21-CV-1032-L-BH, (N.D. Tex. Sept. 27, 2022). When the ALJ's "decision reflects consideration of these two factors as well as a review and analysis of the objective record," this is generally deemed sufficient. *Lara*, 2022 WL 4486085, at *13; *see also Ray v. Comm'r of Soc. Sec.*, No. 4:21-cv-1709, 2022 WL 3566844, at *4 (S.D. Tex. Aug. 17, 2022) (finding that "although the ALJ did not specify which pieces of evidence in the record and evidence at the hearing [the doctor's] opinion is inconsistent with, the ALJ outlined in detail Plaintiff's testimony, his reported daily activities, and his medical records before evaluating the medical opinions.").

The ALJ provided an explanation for rejecting the testimony of Dr. Holly. The ALJ determined that Dr. Holly's findings regarding Plaintiff's sitting restriction was "largely inconsistent with the weight of the current record." Tr. at 41. According to the ALJ, the Plaintiff's "medical imaging, physical status examination results, consultative examination results, treatment history, and activities of daily living," were not consistent with Dr.

Holly's sitting and standing restrictions. *Id.* The ALJ went on to say that "Dr. Holly did not have the benefit of physically examining the claimant, and she failed to support her findings with detailed explanations indicating which specific piece of objective evidence supported each limitation." *Id.* Lastly, the ALJ points out that additional evidence became available after Dr. Holly's evaluation that Dr. Holly was unable to consider[5], and "[f]or these reasons, . . . Dr. Holly's findings [were] unpersuasive." *Id.*

Plaintiff's argument that the ALJ's explanation of Dr. Holly's opinion was "conclusory, vague," and offered "inaccurate reasons" is without merit. *See* Dkt. No. 18 at 2. The ALJ's explanation shows consideration of both consistency and supportability. Tr. at 41. Plaintiff's recitation of Dr. Holly's report seeking to show the ways in which it was detailed and supported by the record, is an attempt to have the Court erroneously reweigh the evidence. Plaintiff's disagreement with the ALJ's conclusion that Dr. Holly's sitting restriction was unpersuasive does not warrant remand—the ALJ is only required to explain why she found Dr. Holly's opinion inconsistent and unsupported. And provided that the ALJ's decision shows consideration of the relevant factors, the "spirit and clear intent of the articulation regulations" is met and meaningful review is feasible.

The ALJ did not commit legal error in evaluating Dr. Holly's opinion.

---

[5] The Court notes that Commissioner's argument that even if Dr. Holly's opinion had been found persuasive it still "would not establish limitations that lasted a duration of twelve months," while true, does not mean that the ALJ could not have adopted her findings. For people to be considered disabled, they must have been unable to engage in substantial gainful activity for a continuous period of at least 12 months or for a period which can be expected to last 12 months. *Todd C. v. Saul*, No. 4:19-CV-1811, 2021 WL 2651166, at *3 (S.D. Tex. June 28, 2021) (citing *Craig v. Berryhill*, No. 17-CV-1715, 2019 WL 1387696, at *5 (M.D. La., Mar. 27, 2019)).

## IV. CONCLUSION

For the reasons above, the Court AFFIRMS the Commissioner's decision in all respects. Any appeal of this affirmance must be to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 636(c)(3).

ORDERED this 16th day of February, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE